**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOHN ROBERT DEMOS,

    Petitioner,

    v.                                   CIVIL ACTION NO. 2:08-CV-13965
                                               HONORABLE GEORGE CARAM STEEH
                                               UNITED STATES DISTRICT JUDGE

UNITED STATES OF AMERICA,

    Respondent,
_____/

**ORDER DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915g AND
ENJOINING PETITIONER FROM FILING FUTURE COMPLAINTS WITHOUT
PRIOR AUTHORIZATION**

This matter is before the Court on Petitioner's *pro se* "petition for breach of contract." Petitioner is a prisoner who is currently incarcerated at the Stafford Creek Correctional Facility in Aberdeen, Washington. Upon review of petitioner's case and his litigation history in the federal courts, this Court concludes that the complaint must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). This Court further orders that because of petitioner's history of unsubstantiated and vexatious litigation, petitioner shall be enjoined from filing any additional complaints *in forma pauperis* in this district without leave of court.

**I. Background**

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court

1

shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 ...." *See also Owens v. Keeling,* 461 F. 3d 763, 773 (6th Cir. 2006). Petitioner failed to provide the $350.00 filing fee when he filed his petition for breach of contract. The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F. 3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000). Because petitioner has not submitted the necessary $350.00 filing fee for a civil action, the Court will also construe his complaint as a request to proceed *in forma pauperis. See State Treasurer v. Garrison,* No. 2008 WL 2831241, * 1 (E.D. Mich. July 21, 2008).

Petitioner has a lengthy history of vexatious litigation in the federal courts. In 1982, a federal district judge dismissed seventeen section 1983 complaints and three habeas corpus petitions filed by petitioner. At that time, petitioner had filed 184 separate actions in that court. *See Demos v. Kincheloe*, 563 F. Supp. 30, 31 (E.D. Wash. 1982).

Since that time, petitioner's continued filing of frivolous and vexatious

actions has resulted in various courts placing additional judicially imposed limitations on his ability to file cases and appeals in those courts. *See e.g., Demos v. Storrie*, 507 U.S. 290 (1993)(Supreme Court directed Supreme Court Clerk to reject all future petitions for certiorari in noncriminal matters unless plaintiff pays docketing fee); *Demos v. Shalala*, No. 1994 WL 238840 (D.D.C. 1994)(requiring leave of the court before filing any new civil action and certification that complaint raises new issues); *Demos v. United States District Court for Eastern District of Washington, et al.*, 925 F.2d 1160-61 (9th Cir. 1991) (petitioner barred from filing any new petitions seeking extraordinary writs pursuant to 28 U.S.C. §§ 1651, 2253, or 2254 in either the United States District Courts for the Eastern and Western Districts of Washington, in light of his history of abusing his *in forma pauperis* status).

    In 2000, the United States District Court for the District of Connecticut dismissed a complaint filed by petitioner in that district pursuant to 28 U.S.C. § 1915(g) on the ground that petitioner had more than three prior civil rights complaints which had been dismissed for being frivolous, malicious, or failing to state a claim upon which relief could be granted. *See Demos v. John Doe*, 118 F. Supp. 2d 172, 174 (D. Conn. 2000). Likewise, in 2003, Judge Marianne O. Battani of this district dismissed a complaint filed by petitioner pursuant to 28 U.S.C. § 1915(g). *See Demos v. Stabenow,* U.S.D.C. No. 03-CV-60222-AA (E.D. Mich. November 12, 2003). Most recently, the United States District Court for the

3

District of Vermont dismissed the identical "Petition for Breach of Contract" claim brought by petitioner in this current action pursuant to § 1915(g). *Demos v. U.S.,* No. 2008 WL 4200091 (D. Vt. September 11, 2008).

## II. Discussion

Under the Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L.No. 104-134, 110 Stat. 1321 (April 26, 1996), a federal court may dismiss a case if, on 3 or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See*, 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997)(Gadola, J.). The three strikes provision of the PLRA prohibits a prisoner, who has had three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *McFadden v. Parpan*, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998). A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539; *McFadden*, 16 F. Supp. 2d at 247. Moreover, the federal courts in general, and this Court in particular, can take judicial notice of a plaintiff's prior dismissals for purposes of § 1915(g). *Green v. Nottingham*, 90 F. 3d 415, 418 (10th Cir. 1996); *Anderson v. Sundquist*, 1 F. Supp. 2d 828, 830 (W.D. Tenn. 1998).

4

In the present case, petitioner has numerous prior civil complaints which were dismissed for being frivolous, malicious, or failing to state a claim upon which relief could be granted. More importantly, petitioner has been advised by several district courts, including a judge in this district, that he was precluded from proceeding *in forma pauperis* in another civil rights action pursuant to § 1915(g) because of these prior dismissals. As the Seventh Circuit has noted: "An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit." *Sloan v. Lesza,* 181 F. 3d 857, 859 (7th Cir. 1999). Petitioner has also been enjoined by numerous courts from filing various civil actions, because of his lengthy history of abusive litigation.

In this case, petitioner has committed what is tantamount to a fraud upon this Court by implicitly requesting *in forma pauperis* status without revealing that other judges, including another judge in this district, have previously precluded him from proceeding *in forma pauperis* pursuant to § 1915(g). *See Fields v. Gilmore,* 145 F. Supp. 2d 961, 963 (C.D. Ill. 2001); *Garrison,* No. 2008 WL 2831241, Slip. Op. at * 2.

Moreover, petitioner has not alleged any facts which would establish that he is in imminent danger of serious physical injury, and thus, he does not come within the exception to the mandate of 28 U.S.C.§ 1915(g), which prohibits him from proceeding *in forma pauperis* in light of his numerous prior frivolity

5

dismissals. *Mulazim v. Michigan Dept. of Corrections,* 28 Fed. Appx. 470, 472 (6th Cir. 2002). Petitioner's claim that his ancestors were kidnapped from Africa and placed into slavery without consenting to becoming United States citizens does not fall within the imminent danger exception to 28 U.S.C.§ 1915(g). *See Demos v. U.S.,* No. 2008 WL 4200091, Slip. Op. at * 1. Petitioner's complaint is therefore subject to dismissal pursuant to § 1915(g).

Since petitioner has had numerous prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, 1915(g) bars him from appealing *in forma pauperis. See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999); *Garrison*, No. 2008 WL 2831241, Slip. Op. at * 3. The Court therefore refuses to certify that any appeal from this dismissal would be in good faith.

Finally, because petitioner's "history of unsubstantiated and vexatious litigation amounts to continued abuse of his *in forma pauperis* status", petitioner shall be enjoined from filing any additional *in forma pauperis* lawsuits in the United States District Court for the Eastern District of Michigan without leave of the court. *See Edwards v. Johns,* 450 F. Supp. 2d 755, 756-57 (E.D. Mich. 2006). In order to obtain permission to file an action in this Court, any new complaint or petition filed by petitioner must be accompanied by:

> (1) an application for permission to file the pleading; and
> (2) an affidavit demonstrating that plaintiff's allegations have merit and that they are not a repetition of plaintiff's previous complaints or

6

petitions.

*Id.*

### III. ORDER

IT IS HEREBY **ORDERED** that Petitioner's *in forma pauperis* status is **DENIED** and the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that petitioner shall be enjoined from filing any additional complaints *in forma pauperis* in the United States District Court for the Eastern District of Michigan without leave of the court.

IT IS FURTHER **ORDERED** AND CERTIFIED that any appeal taken by Petitioner would not be done in good faith.

Dated: September 24, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 24, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---